KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Jason Whitehead, | No. CV 11-1664-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

On August 24, 2011, Plaintiff Charles Jason Whitehead, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a November 23, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 22, 2011, Plaintiff filed his First Amended Complaint. On January 11, 2012, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (Doc. 15), and attached to it a Second Amended Complaint. On January 24, 2012, attorney Shad Beavers filed a Notice of Appearance on behalf of Plaintiff (Doc. 16).

The Court will grant Plaintiff's Motion for Leave to File Second Amended Complaint and direct the Clerk of Court to file the Second Amended Complaint. The Court will also

order Defendants Nichols and Samo to answer Count I of the Second Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

### I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

An amended complaint supersedes the original complaint and first amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258,1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Accordingly, the Court will consider only those claims raised in the Second Amended Complaint.

In his two-count Second Amended Complaint, Plaintiff sues the following Defendants: Corrections Officer III Nichols, Arizona Department of Corrections Director Charles Ryan, Maricopa County, and the State of Arizona. Plaintiff also makes allegations against C.O. III Samo. Although C.O. III Samo is not listed as a Defendant in the Second Amended Complaint, the Court will construe him as a Defendant and direct the Clerk of Court add C.O. III Samo as a Defendant in the docket.

In Count I, Plaintiff claims that his safety was threatened in violation of the Eighth Amendment when Defendant Nichols housed him with an inmate that posed a danger to Plaintiff's safety. Plaintiff alleges that he informed Defendant Nichols and C.O. III Samo that this particular inmate was a danger to Plaintiff and asked that that inmate be placed on Defendant's "Do Not House With" list. Plaintiff claims that Defendants Nichols and Samo failed to act on this information and that Plaintiff was housed with the other inmate who, within a matter of days, assaulted Plaintiff.

In Count II, Plaintiff claims that his Eighth Amendment rights were violated when he was denied adequate medical treatment for the injuries he received from the assault.

Plaintiff seeks injunctive relief and money damages.

## III. Failure to State a Claim

### A. Defendant Ryan

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. The Court will therefore dismiss without prejudice Defendant Ryan.

**B.    Defendant Maricopa County**

Plaintiff makes no allegations against Defendant Maricopa County. Further, Plaintiff was in the custody of the Arizona Department of Corrections, a state institution, at the time of the incident in question. Accordingly, the Court will dismiss Defendant Maricopa County.

**C.    State of Arizona**

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. The Court will therefore dismiss Defendant State of Arizona.

**D.    Count II**

As noted above, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo, 423 U.S. at 371-72, 377. Plaintiff has failed to link his injuries in Count II with any of the named

1 Defendants; Plaintiff has not described who was responsible for denying him adequate
2 medical care. Plaintiff has failed to state a claim in Count II, and Count II will be dismissed.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated an Eighth Amendment claim against Defendants Nichols and Samo in Count I and the Court will require these Defendants to answer Count I.

**V.     Notice to Plaintiff**

Plaintiff should take note that Mr. Beavers "shall be recognized by the Court and by all the parties to the cause as having control of [Plaintiff's] case, in all proper ways, and shall, as such attorney, sign all papers which are to be signed on behalf of the client." LRCiv 83.3(c)(2). Moreover, because Mr. Beavers is representing Plaintiff in this case, Plaintiff cannot "appear or act in that party's own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party." LRCiv 83.3(c)(2). This means that Mr. Beavers, not Plaintiff, shall file future documents in this case.

**IT IS ORDERED:**

(1)     Plaintiff's January 11, 2011 Motion for Leave to File Second Amended Complaint (Doc. 15) is **granted**; the Clerk of Court **must file** the Second Amended Complaint attached to Document 15.

(2)     The Clerk of Court must add C.O. III Samo as a Defendant to this action.

(3)     Count II of the Second Amended Complaint is **dismissed** without prejudice.

(4)     Defendants Ryan, Maricopa County, and State of Arizona are **dismissed** without prejudice.

(5)     Defendants Nichols and Samo must answer Count I of the Second Amended Complaint.

(6)     The Clerk of Court must send Plaintiff's counsel a service packet including the Second Amended Complaint (attached to Doc. 15), this Order, and both summons and request for waiver forms for Defendant Nichols and Samo.

(7) Plaintiff's counsel must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants Nichols and Samo must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 13th day of February, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge